Case 4:15-cv-03290   Document 23   Filed in TXSD on 03/29/16   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
April 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICKY LEE STROBLE, § | |
|     *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:15-CV-03290 |
| § | CONSOLIDATED NO. 4:15-CV-03370 |
| WILLIAM STEPHENS, § | |
| Director of the Texas Department of § | |
| Criminal Justice - Correctional § | |
| Institutions Division, § | |
|     *Respondent*. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Ricky Lee Stroble, a Texas state inmate, filed two petitions for writs of habeas corpus under 28 U.S.C. § 2254, challenging his state convictions for aggravated sexual assault of a child and indecency with a child by sexual contact. The matters were consolidated (Dkt. 11) and referred to this magistrate for report and recommendation (Dkt. 4). Respondent filed a motion to dismiss the petitions. Dkt. 13. After reviewing the record and the briefing, the Court recommends that the petitions be dismissed with prejudice as time-barred.

### BACKGROUND

Stroble pleaded guilty to charges of (1) aggravated sexual assault of a child, and (2) indecency with a child by sexual contact. Dkt. 16-5 at 80; Dkt. 16-20 at 81. He is currently serving concurrent sentences of 99-years and 20-years delivered by the 506th District Court of Waller County, Texas, on September 8, 2009. *Id.* Stroble's convictions were affirmed on appeal by the First Court of Appeals. *Stroble v. State*, Nos. 01-09-00886-CR & 01-09-00887-CR (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, *pet. ref'd*). The Texas Court of Criminal Appeals (TCCA) refused Stroble's petitions for discretionary review on September 28, 2011. *Stroble v. State*, P.D.R. Nos. 0746-11 & 0747-11. Stroble did not file a petition for a writ of certiorari with the Supreme Court. *See* Dkt. 1 at 3.

On December 19, 2011, Stroble filed with the state district court his first pair of state habeas applications challenging each of his convictions. Dkt. 16-5 at 10; Dkt. 16-20 at 10. In a December 28, 2011 letter addressed to the district court clerk's office, Stroble requested that the clerk "put a hold" on his habeas applications to allow him time to amend them. Dkt. 16-5 at 165. On January 3, 2012, the clerk's office responded in a letter explaining that the paperwork could not be un-filed, but Stroble could file an amended application. Dkt. 16-5 at 167. That same day, presumably before he received the clerk's response, Stroble sent a follow-up letter informing the clerk that he was not withdrawing or amending his original habeas applications and that the proper applications were before the court. Dkt. 16-5 at 168. On February 15, 2012, the TCCA dismissed both applications on jurisdictional grounds that Stroble's direct appeal was pending. Dkt. 16-5 at 2; Dkt. 16-20 at 2.

Stroble contends that he never received notice of the dismissal. Dkt. 19 at 2. There is no evidence in the record that the court clerk sent the typical "white card" notice of dismissal to Stroble immediately following the TCCA's ruling. It is clear from the record that Stroble sent several letters to the court clerk's office requesting status updates and copies of filings. *See, e.g.,* Dkt. 14-3 at 25 (request for copies dated 05/26/11; Dkt. 16-7 at 2 (status request dated 07/27/13); Dkt. 16-8 at 2 (clarification request dated 08/09/13); Dkt. 16-9 (letter dated 03/16/15). The clerk's office mailed Stroble printouts of the case docket sheets in August 2013 (*See* Dkt. 16-8 at 2), and also sent a March 2015 letter advising Stroble that the applications had been dismissed (Dkt. 17-11 at 75).

On April 9, 2012, Stroble filed with the TCCA a notice of intent to file amended habeas applications. Dkt. 16-6 at 2. It appears that the notice was styled as a motion requesting that the TCCA grant Stroble 60 days to present the amended applications. There is no indication,

however, that the TCCA treated the notice as a motion, and no ruling was ever issued. On April 23, 2012, Stroble filed his first amended habeas applications under the same case numbers as the dismissed applications. Dkt. 16-19 at 7. For three years, the amended applications sat undisturbed, presumably because the TCCA had already determined that it lacked jurisdiction to rule on the original applications. *See* Case Events in matters WR-40,953-03 and WR-40,953-04.[1] Stroble occasionally mailed letters inquiring as to the status of his applications, but never received any notification or indication that the TCCA was considering his amended applications. *See* Dkt. 16-7–16-9. During this time, Stroble failed to file a new state habeas application, allowing his federal statute of limitations to expire.

In early March 2015, Stroble received a letter from the TCCA clerk's office, responding to his earlier inquiries and informing him that his January 2012 applications were dismissed because a mandate had not issued at the time his applications were first filed. Dkt. 17-11 at 75. Stroble wrote back, expressing his frustration at the lack of response to his earlier letters and arguing that his amended writ application should have been treated as a new application for habeas relief, the same argument he presents to this Court. Dkt. 16-9. Stroble then filed two new applications, WR-40,953-05 and WR-40,953-06. The state district court issued findings of fact and conclusions of law addressing the merits of Stroble's claims (Dkt. 17-8 at 18–24), and on October 14, 2015, the TCCA denied the applications without a written order based on the district court's findings (Dkt. 17-1; Dkt. 17-13). Less than one month after denial, Stroble filed the federal habeas petitions consolidated here.

## ANALYSIS

---

[1] The Case Events are available on the TCCA website at: http://www.search.txcourts.gov/Case.aspx?cn=WR-40,953-03&coa=coscca (953-03) and http://www.search.txcourts.gov/Case.aspx?cn=WR-40,953-04&coa=coscca (953-04).

Stroble's petitions are subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a habeas petition filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The claims presented do not trigger any of the conditions set forth in (B) through (D). Thus, the one-year period began running upon the date on which judgment became final. The TCCA refused Stroble's petition for discretionary review on September 28, 2011, and Stroble did not file a petition for writ of certiorari. Therefore, Stroble's conviction became final on December 27, 2011.

AEDPA permits tolling of the limitations period. Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The habeas application must be *properly filed* to toll the one-year limitation; "a habeas petition filed in a court lacking jurisdiction to consider the application is not 'properly filed.'" *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004).

"The TCCA 'does not have jurisdiction to consider an application for writ of habeas corpus pursuant to Art. 11.07 until the felony judgment from which relief is sought becomes final.'" *Id.* (quoting *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000)). A direct appeal is only final when the state appellate court issues its mandate. *Id.*

On December 19, 2011, Stroble filed his state habeas applications under Article 11.07 of the Texas Rules of Criminal Procedure. The TCCA dismissed Stroble's first pair of applications on grounds that no mandate had been issued at the time Stroble filed his original applications with the state trial court. *See* Dkt. 17-22 at 72; Dkt. 17-11 at 75. Thus, the applications were not properly filed, and the one-year limitations period was not tolled, because the TCCA determined that it lacked jurisdiction to consider the applications under Article 11.07. Stroble did not properly file new applications until March 2015.

Stroble does not appear to dispute the validity of the TCCA's dismissal of his original applications or that he filed his federal petitions after the limitations period expired. Instead, he argues that the circumstances presented here warrant equitable tolling of the AEDPA period of limitations.

AEDPA's one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner bears the burden of showing: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). A substantial delay in notification of the dismissal or denial of an application can trigger equitable tolling. *See Phillips*, 216 F.3d at 511 (citing *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). In such

circumstances, the petitioner must show "diligence and alacrity" in pursuing habeas relief both before and after he receives notice. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

Construing the petitions liberally, the Court understands Stroble to contend that he is entitled to equitable tolling for four reasons: (1) his original state applications were filed by outside legal counsel without his consent; (2) he never received notice of the dismissal by the TCCA; (3) the amended applications filed in April 2012 cured the jurisdictional defect and should have been decided on the merits by the TCCA; and (4) he is actually innocent. *See* Dkt. 1 at 9; Consolidated Dkt. 1 at 9. Stroble fails to demonstrate that he is entitled to equitable tolling under these circumstances.

Stroble produces no evidence that the original applications were, in fact, submitted by outside legal counsel without his consent. To the contrary, the record demonstrates that Stroble knew that the original applications had been filed and actively asserted the claims presented in those applications. No counsel or legal aid group is listed on the applications, and the record contains no evidence indicating that Stroble retained or in any way contacted a legal aid organization to help him with his habeas application. Both applications included an "Inmate's Declaration" signed and dated by Stroble. *See* Dkt. 16-5 at 20; Dkt. 16-20 at 21. Stroble also wrote two letters to the district clerk dated one week apart, the first requesting a hold on his original applications (Dkt. 16-5 at 165) and the second asking that the clerk disregard his request for a hold (Dkt. 16-5 at 168). In the second letter dated January 3, 2012, Stroble explained that he "was mistaking [*sic*] about that 11:07 . . . you do have the correct copies." Dkt. 16-5 at 168. Thus, the record demonstrates that Stroble wished to proceed with the original applications at the time the TCCA dismissed them for lack of jurisdiction.

Although the TCCA dismissed Stroble's original applications on February 15, 2012, it does not appear that the typical "white card" notice of dismissal was sent to Stroble. While delayed notice of dismissal can trigger equitable tolling, Stroble fails to show that he pursued habeas relief with sufficient "diligence and alacrity" both before and after he received notice. Fifteen months passed in silence before Stroble wrote to the court clerk asking for a status update regarding his habeas applications. At that time, the clerk mailed a printout of the docket sheets indicating that the applications had been dismissed, and Stroble acknowledged receipt of this information in a follow-up letter dated August 9, 2013. *See* Dkt. 16-8 at 2. It appears from the follow-up letter that Stroble had difficulty comprehending the procedural actions described in the docket sheets and may not have fully understood that the TCCA was no longer considering his applications. An inmate's *pro se* status and ignorance of the law, however, will not entitle him to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172–73 (5th Cir. 2000). The Court concludes that Stroble had notice of the dismissal no later than August 2013.

Were the Court to toll the limitations period through August 2013, Stroble's federal petitions would still be untimely. Another nineteen months passed before Stroble properly filed a new pair of state habeas applications. This long delay demonstrates that Stroble did not pursue habeas relief with sufficient diligence and alacrity once he received notice that his original applications were dismissed.[2]

Stroble contends that his filing of amended applications within two months after dismissal of his original applications entitles him to equitable tolling. It does not. First, Stroble

---

[2] In delayed-notice cases in which the court granted equitable tolling, the petitioner hastily renewed pursuit of relief within a matter of a few weeks, not one and a half years, after receiving notice of the TCCA's decision. *See, e.g., Morrison v. Dretke*, No. 2:03-CV-0442, 2004 WL 2870060, at *4 (5th Cir. Dec. 13, 2004) (petitioner filed new state applications within 20 days after receiving dismissal notice); *Phillips*, 216 F.3d at 511 (petitioner filed for out-of-time appeal within three days of receiving dismissal notice); *Williams v. Thaler*, 400 F. App'x 886, 891 (5th Cir. 2010) (petitioner filed motion for leave to file out-of-time application within three weeks of receiving dismissal notice and filed federal petition five days after motion was denied).

could have remedied any jurisdictional defect as well as any concerns he had about his first pair of applications by immediately filing a motion to withdraw his original applications and properly filing new applications. *See Larry*, 361 F.3d at 898 n.7. Second, the TCCA dismissed Stroble's original applications on grounds that they were prematurely filed. Stroble did not challenge this ruling once he received notice about it, nor does he challenge it now. Thus, Stroble recognizes that it was his own error that prevented the TCCA from reaching the merits of his claims. As the Fifth Circuit has noted, the jurisdictional requirement violated by Stroble "is not a complicated one and involves no judicial scrutiny." *Larry*, 361 F.3d at 897. Third, had Stroble simply filed new habeas applications in April 2012, rather than attempting to amend dismissed applications, those new applications would have been "properly filed," thereby tolling the federal statute of limitations. Stroble's own procedural mistakes, rather than any State action or other circumstances beyond his control, caused his lengthy delay. The Court will not grant equitable tolling on such grounds. *See Hardy*, 577 F.3d at 598 ("A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify.") (internal quotations omitted).

A claim of actual innocence can entitle the petitioner to consideration of the merits of his claims, even though the statute of limitations has expired. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). To reach the merits, however, the petitioner must persuade the court that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). A petitioner's unjustifiable delay is a factor to consider in determining the reliability of an actual innocence claim. *Id.*

Stroble's actual innocence claim fails to warrant equitable tolling here because Stroble fails to present new, credible evidence that undermines the Court's confidence in the state court proceedings. Construing the petitions liberally, it appears that Stroble bases his entire actual innocence claim upon a police narrative admitted at trial, claiming that the narrative affirmatively proves that he never made sexual contact with his victim. *See* Dkt. 1-3. Stroble mischaracterizes this evidence. The narrative is not newly discovered, nor does it prove that the victim's testimony was concocted by the police or the victim's psychologist, as Stroble asserts. The Court denies equitable tolling on grounds of actual innocence.

## CONCLUSION

For these reasons, the Court recommends that Stroble's petitions be dismissed with prejudice as time-barred. All remaining motions should be terminated as moot. The Court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on March 29, 2016.

Stephen Wm Smith
United States Magistrate Judge